Speir, J. [dissenting].
I think the learned judge, who heard the cause, was justified in finding that the appearance of the swine, as used by the defendants,— by which I understand his device,—was such as that it was likely to lead a part of the purchasers of refined lard in the market, who had seen plaintiff’s mark, and giving the attention usual in the trade, to mistake 'the mark, of which the swine was a part, for the trademark used by the plaintiff. Especially was it likely to mislead persons who had not seen the plaintiff’s trademark, and asking for his Pig Brand, and also persons in a foreign market asking for “Marcha Chancho,” or Pig Brand, to believe that the refined lard, put under defendant’s mark, was of the kind asked for.
Upon an attentive examination of the evidence, I do not find that any of the parties engaged, excepting the defendants, in the trade of buying or selling crude or refined lard, or engaged in the business of refining lard, used or adopted, at any time, this device of the plaintiff, as a trade-mark. The figure of the pig had been, by itself, used frequently by different parties engaged in the business. Formerly, this trade was limited to dealing in lard in the crude or natural state; while the business of refining lard has been only extensively carried on within the last few years. The figure of the pig was not connected with any symbol or device, nor was it claimed as a trade-mark until so claimed and appropriated by the plaintiff. It was generally used by painting or stenciling it on the heads of all kinds of *280 -wooden vessels, or on silvered paper; but in no instance, in any manner, connecting it with a device at all resembling the plaintiff’s. The plaintiff had been exclusively in the use of his device, as a trade-mark, for ¡some fifteen years, and up to the time the defendants were restrained from simulating it; and during that time it had become generally known and distinguished from the refined lard made by others, and had commercially acquired the name of Popham’s Pig Brand, or the Pig Brand; and, in the foreign market, by the name of “Marcha Chancho.” By whom the symbol was invented or designed, is not material; it is enough .that the plaintiff has, by the appropriation of the device, acquired a property in its exclusive use. Under the circumstances, the attempt of the defendants to produce a general resemblance of the device in shape, size, color, material, and lettering, leads to the inference that it was done with the bad intent of invading the plaintiff’s rights.
The figure of the pig alone, without the device, or the shape, size, style, or material of the vessels upon which the figure alone was placed, do not, in my judgment, determine the rights of the parties. It -is the whole symbol appropriated by the plaintiff in his business, as his trade-mark, which has secured to him a property by his exclusive use, which the court protects .against all trespassers.
I am in favor of affirming the judgment, with costs.